**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO APOLINARIO, | No. 14-17109 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-04219-VC |
| v. | |
| UNITED HEALTHCARE WORKERS - WEST, SERVICE EMPLOYEES INTERNATIONAL, CTW, CLC; SETON MEDICAL CENTER; and DOES ONE THROUGH TWENTY FIVE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted October 20, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

Plaintiff Ricardo Apolinario appeals from two district court orders dismissing his claims against his former employer, Seton Medical Center ("Seton") and labor union, United Healthcare Workers-West Service Employees International Union ("the Union"). The first order granted the Union's motion to dismiss Apolinario's claim for a breach of the duty of fair representation under the National Labor Relations Act. The second order granted Seton's motion for judgment on the pleadings concerning his claims brought under the Labor Management Relations Act, 1947. We review dismissals under Federal Rules of Civil Procedure 12(b)(6) and 12(c) de novo. *See Lyon v. Chase Bank USA*, 656 F.3d 877, 883 (9th Cir. 2011) (judgment on the pleadings); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (motions to dismiss). We now affirm.

To prevail against either Seton or the Union, Apolinario has the burden to demonstrate the Union breached its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71 (1976); *see also United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981). A union breaches its duty of fair representation to an employee by engaging in conduct that was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Whether to pursue a grievance is typically a decision in which unions "retain wide discretion to act in what they perceive to be their members' best interests." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985). Apolinario's operative

2

complaint does not allege enough specific facts to support a reasonable inference that the Union breached its duty of fair representation in handling his grievance, and mostly includes "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Notably, Apolinario does not allege specific facts (1) suggesting any motive the Union might have had for discriminating against him or acting in bad faith, (2) showing that similarly situated employees were treated differently by the Union, or (3) giving context to or explaining his bare allegation. Because he failed to "provide more[,]" his claims must fail. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**AFFIRMED.**